No. 2457.

CHARLES DARNELL *v.* THE STATE.

1. PRACTICE—INSANITY.—Article 960 of the Code of Criminal Procedure of this State provides that "when, upon the trial of an issue of insanity, it is found that the defendant is sane, the judgment of conviction shall be enforced as if no such inquiry had been made." The effect of this statute is to declare that the judgment of the trial court adjudging the defendant to be sane shall be conclusive of that issue, and that, thereupon, the judgment of conviction shall be enforced.

2. SAME.—Appeal to this court can be prosecuted only after the trial and conviction of the accused in the lower court for an offense and the entry of final judgment against him, which must appear in the record. A judgment rendered in an ex parte proceeding in the trial court, upon the issue of insanity of the accused, after his trial and conviction of an offense, is not such a judgment as will support an appeal to this court.

3. SAME—CASE STATED.—In 1883 the appellant in this case was tried and convicted in the district court of Wood county for murder of the first degree. On his appeal to this court the judgment of conviction rendered below was affirmed. Subsequent to this affirmance, and before sentence was pronounced, information was filed in the district court setting forth that the accused had become insane. The trial of this issue resulted in a judgment of insanity against the appellant and he was confined in the State Lunatic Asylum. In the process of time he was discharged from said asylum as sane, and was delivered to the sheriff of Wood county. Thereupon a statutory affidavit, alleging that the appellant had become sane was filed in the district court, and, upon the hearing of the issue, thus presented, the jury found, and the court adjudged, the appellant to be sane. From this judgment this appeal is prosecuted. *Held*, that this is not a final judgment of conviction for an offense, such as is contemplated by law, and can confer no jurisdiction upon this court. Therefore the motion of the Assistant Attorney General to dismiss the appeal must prevail.

APPEAL from the District Court of Wood. Tried below before the Hon. F. J. McCord.

The opinion discloses the nature of the case. The original trial upon the merits of the case will be found reported in the fifteenth volume of the reports, beginning on page 70.

No brief for the appellant has reached the Reporters.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.    In 1883, Charles Darnell, the appellant herein, was indicted in the district court of Wood county for the murder of William Gilbraith.    In the same year he was tried in said court upon said charge, and was found guilty of murder in the first degree, and the death penalty was assessed against him. He appealed from said conviction to this court, and on the fourteenth day of November, 1883, this court affirmed said judgment of conviction.    (Darnell v. The State, 15 Texas Ct. App., 70.)    After said affirmance, and before sentence, information was made to the district court of Wood county that the defendant had become insane.    A trial was had in said court upon said issue, and he was found and adjudged to be insane, and was confined in the lunatic asylum, from which, after the lapse of some six or seven months, he was discharged as sane from said asylum and delivered again into the custody of the sheriff of Wood county.    At the November term, 1886, of the district court of Wood county, said court was informed, by the affidavit in writing of a credible person, that said Darnell had become sane. Said court thereupon caused a jury to be impaneled to try said issue, and said jury returned a verdict that said Charles Darnell was sane, whereupon said court adjudged him to be sane.    From which last verdict and judgment this appeal is prosecuted, and the Assistant Attorney General moves to dismiss said appeal, upon the ground that this court has no jurisdiction to entertain the same.

It appears from the record before us that the proceedings had in the trial court with reference to the sanity of the defendant have all been regular and conducted in strict accordance with the provisions of the statute.    (Code Crim. Proc., title 12, chap. 1.)    He has been found to be sane by the verdict of a jury, and has been so adjudged by the trial court.    It is provided by statute that "when, upon the trial of an issue of insanity, it is found that the defendant is sane, the judgment of conviction shall be enforced as if no such inquiry had been made." (Code Crim. Proc., art. 960.)    It is no where provided by statute, either expressly or impliedly, that the defendant shall have the right to appeal from a judgment rendered in such proceeding. It is clear to our minds that it is the intention of the statute that the judgment of the trial court, adjudging the defendant to be sane, shall be conclusive of that issue, and thereupon the judgment of conviction must be enforced.

The right of appeal is given a defendant in any criminal action *upon conviction.* (Code Crim. Proc., art. 837.) This evidently means that the right exists only where the defendant has been found and adjudged to be guilty of an offense. It has been repeatedly and uniformly held in this State that an appeal can only be prosecuted from a final judgment of conviction rendered and entered against the defendant. The conviction is an indispensable requisite to the right of appeal, and the record, on appeal to this court, must show such final judgment of conviction, or this court can not entertain jurisdiction of the case. There is no conviction until judgment has been rendered and entered adjudging the defendant to be guilty of an offense. (Mirelles v. The State, 13 Texas Ct. App., 346; Anschicks v. The State, 43 Texas, 587; Young v. The State, 1 Texas Ct. App., 64; Smith v. The State, Id., 408; same case, Id., 516; Butler v. The State, Id., 638; Trimble v. The State, 2 Texas Ct. App., 303; Choate v. The State, Id., 302; Labaite v. The State, 4 Texas Ct. App., 169; Pennington v. The State, 11 Texas Ct. App., 281.)

In this case the appeal is not prosecuted from a judgment of conviction. An appeal from the judgment of conviction had previously been prosecuted by the defendant to this court, and said judgment had been affirmed. He had therefore exercised and exhausted the only right of appeal in this criminal action secured to him by the statute. In this appeal this court has no judgment of conviction before it, and hence can have no jurisdiction of the appeal. We must and do therefore sustain the motion of the Assistant Attorney General. The appeal is dismissed.

*Dismissed.*

Opinion of the court delivered October 12, 1887.