## Ex Parte Ewell Morris.

### No. 8437.   Decided January 9, 1924.

**Certiorari—Insanity—Injury—Practice in Trial Court.**

Where it was made to appear by the application of writ for certiorari, that applicant asserted that he had become insane subsequent to his conviction for murder and the affirmance of this judgment on appeal and that he was found sane, this Court is not at liberty to grant the application.—Following Darnell v. State, 24 Texas Crim. Rep., 6, and other cases.

From Victoria County.

Original application for Writ of Certiorari after an insanity inquiry declaring the applicant to be sane.

The opinion states the case.

*E. L. Dunlap,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—An application for a writ of certiorari on behalf of Ewell Morris is here presented by his attorney. It appears that anterior to this time Morris has been convicted of a capital of-

fense which judgment was affirmed on appeal to this court, and that
the date for the execution has been fixed for January 16, 1924. A
plea of insanity was interposed in behalf of Morris upon his trial
originally and was an issue therein upon the evidence then before
the jury and court. It is made to appear that after the affirmance of
said cause by this court an affidavit was filed on behalf of Morris
asserting that he had become insane subsequent to his conviction in
said cause. Upon the filing of said affidavit of insanity the case was
heard and a judgment entered declaring Morris to be sane.

As we understand the application for certiorari it seeks to have this
court direct the district clerk of Victoria County, Texas, to make out
and forward to this court without delay a transcript of the record
in said insanity inquiry trial had of said Morris upon the affidavit
alleging that he had become insane since his conviction. Apparently
this is sought upon some proposition that said trial was not conducted
in such manner as to lead to a satisfactory conclusion, and was with-
out that due process of law contemplated by the Constitution of
this State and the United States. In the application averments seem
to be made that an inspection of the record would show that the in-
sanity inquiry was not conducted in a proper manner.

We are not at liberty to grant the application. In Darnell v.
State, 24 Texas Crim. App., 6, this court held that one charged with
being insane who upon trial is found to be sane has no right of appeal.
Finding one to be sane in such case is tantamount to a verdict of not
guilty. The right of appeal is in no event given to one charged except
upon conviction. It is held that conviction is an indispensable requis-
ite to the right of appeal and that such fact must be made to appear
before this court could entertain jurisdiction. If this court undertook
to grant the application now before it, this would in effect be com-
pelling the perfecting of a record in a cause of which this court would
have no jurisdiction after the record had been perfected. The courts
will not do useless things. The law does not contemplate that a use-
less thing shall be done by the courts. Why perfect a record or
direct that it be sent to this court when this court would be without
jurisdiction to act in the premises because there was no judgment of
conviction. In Ex parte Quesada, 34 Texas Crim. Rep., 116, it ap-
pears that an application was made to this court for a writ to compel
a trial court to hear and determine the question of insanity after
conviction for a felony. This court declined to issue any writ, stat-
ing that it has no power to issue a writ for any such purpose. This
language appears in the opinion in that case:

"If the question of insanity had been tried under the provisions
of the code, and the appellant had been found sane against the great
overwhelming preponderance of the testimony, and if every rule of
evidence had been violated in the trial, no appeal would lie to this

court; and if we have no appellate jurisdiction, the writ in this cause would not be to enforce the jurisdiction of this court.''

To the same effect see Bulger v. People, 61 Colo. 181; Rex v. Larkins, 22 Cox C. C. 598; State v. Chretlen, 114 La. 81; State v. Nordstrom, 21 Wash. 403.

This court is only given by statute and the Constitution power to issue writs necessary for the protection or enforcement of its own jurisdiction. There being no question of the jurisdiction of this court involved in the application for certiorari, same must be refused and it is accordingly so ordered.

*Writ denied.*