### Newt De Silvia v. The State.

#### No. 8561. Delivered December 17, 1924.

#### No motion for rehearing filed.

#### Murder—Trial for Insanity—After Verdict—No Appeal.

Appellant was convicted of murder and his punishment fixed at death. The issue of insanity was not raised on the trial. Subsequently his mother, in the District Court in which he had been tried and convicted, filed an affidavit, charging him with insanity, upon a trial before a jury he was found sane. He seeks to appeal from that verdict to this court. Under C. C. P., title 12, chap. 1, an appeal does not lie to this court from such a judgment, and the appeal is dismissed.

Appeal from the District Court of Jefferson County. Tried below before the Hon. E. A. McDowell.

Appeal after a trial and conviction of murder, on charge of insanity. Appeal dismissed on the ground this Court is without jurisdiction.

*Howth, Adams, O'Fiel & Hart,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Judge.—In March, 1922, the appellant was convicted of the offense of murder committed earlier in that year and the death penalty assessed against him. The issue of insanity was not raised at the trial, but subsequently, in July, 1923, because of the affidavit filed by his mother in the District Court in which he had been tried for murder,

the jury was called upon, in accordance with the statute, to determine whether or not the appellant was insane. See C. C. P., Title 12, Chap. 1. After the motion to change the venue was overruled, the issue was tried, and in November, 1923, the jury by a verdict rendered and received by the court, determined the appellant to be sane. From the judgment entered in the District Court declaring him sane, this appeal is attempted, with various complaints of the rulings of the trial court during the procedure.

The concluding article of the statute mentioned reads thus:

"When, upon the trial of an issue of insanity, it is found that the defendant is sane, the judgment of conviction shall be enforced as if no such inquiry had been made.' (Art. 1030, C. C. P.)

We feel constrained to 'dismiss the appeal for the reason that this court is without jurisdiction to entertain it. In Art. 5, Sec. 5, of the Const. of Texas, the appellate jurisdiction of the Court of Criminal Appeals is declared to be "co-extensive with the limits of the State in all criminal cases of whatever grade with such exceptions and under such regulations as may be prescribed by law." The court and the judges thereof have the power to issue the writ of habeas corpus under such regulations as may be prescribed by law. It is within the power of the Legislature to make proper exceptions to the right of appeal and to prescribe regulations in regard to the appellate jurisdiction of this court. See Johnson v. State, 42 Texas Crim. Rep. 103. In the legislative enactments found in our Code, appeals to this court are restricted to persons convicted of offenses and those denied release under the writ of habeas corpus. See Russell v. State, 37 Texas Crim. Rep. 503; Harris' Tex. Const., p. 375; also C. C. P., Arts. 68, 86, 87, 985 and 985a.

The proceeding from which the present appeal is attempted comes within none of the statutory or constitutional provisions conferring jurisdiction upon this court. This was definitely and clearly stated by Judge Willson in writing the opinion in the case of Darnell v. State, 24 Texas Crim. App. 6, and was forcefully emphasized in the opinion written by Presiding Judge Hurt in Ex parte Quesada, 34 Texas Crim. Rep. 116. The rule was re-asserted in the recent case of Ex parte Morris, 96 Texas Crim. Rep., 256. See 38 L. R. A., p. 585, note.

It is not within the power of this court to extend to the appellant the relief which he seeks.

The appeal is dismissed.

*Dismissed.*