### AVERY V. MILLIKIN ET AL. v. HON. M. C. JEFFREY, DISTRICT JUDGE.

#### No. 11448.  Delivered October 27, 1927.

**1.—Application for Writ of Mandamus—Trial for Lunacy—Within Discretion of District Court.**

Where a lunacy trial was pending before a District Court, the manner and procedure of such trial under the laws of this state was reposed in the District Judge. The method of selecting and empaneling the jury is prescribed by law, and this court is without jurisdiction to interfere by a writ of mandamus with the trial court or to direct the manner in which a jury should be drawn and selected to try the case.

**2.—Same—Court of Criminal Appeals—Jurisdiction—Is Appellate.**

The appellate jurisdiction of this court is confined to criminal cases. A lunacy trial is not a criminal case, and therefore is not appealable. It is therefore clear that we would have no authority to issue a writ of mandamus, because of the facts averred in the petition, and must refuse to permit the filing of the motion.

This is an original motion in a petition for leave to file an application for a writ of mandamus compelling the Hon. M. C. Jeffrey to appoint a jury commission to draw a jury to try A. V. Millikin under a complaint charging lunacy in said court.

Permission to file the motion for a writ of mandamus is denied.

The opinion states the case.

*Clarence J. Gean* and *Wm. E. Hawkins,* for petitioner.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE, LATTIMORE AND HAWKINS, JUDGES.—Under the above title there is presented to this court an application for a writ of mandamus.

Pursuant to Article 5, Section 5 of the Constitution of Texas, the statutory law confers authority upon this court to issue writs of mandamus agreeable to the principles of law regarding such writs "to enforce its jurisdiction." (Acts of 40th Leg., Chap. 38.)

In another statute it is declared:

"No mandamus shall be granted on ex parte hearing; and any peremptory mandamus granted without notice shall be abated on motion." (R. S. 1925, Art. 2328.)

Under the rules of the Supreme Court of this state, promulgated by virtue of the Constitution, and in Rule 15, it is declared in substance that to invoke action of the court upon applications for mandamus there shall be presented with the petition a motion to permit the filing of the application, which motion will be considered in consultation at once, and "if the court should be clearly of the opinion that, upon the facts stated in the petition, the writ should be awarded, the motion will be granted; otherwise it will be overruled by an order made in open court and entered upon the minutes."

The document at present before the court will be considered in the light of the statutes and rule above mentioned as an application for leave to file a petition for mandamus.

The relief sought is that the Honorable M. C. Jeffrey, Judge of the 22nd Judicial District Court of Texas, having on trial Avery V. Millikin upon the issue of insanity, be required to *dismiss the jury* heretofore empaneled for the trial of that issue; that he *appoint jury commissioners* to designate persons from whom a jury shall be selected, and that upon the report a new jury be empaneled in compliance with the terms of Art. 921, Title 12, C. C. P., 1925; also to direct said judge to receive certain evidence which, in his judgment, is not admissible, and to require that the judge compel the official court reporter to record the evidence adduced on the lunacy trial.

The said Avery V. Millikin, on the trial in the District Court of the 22nd Judicial District of Texas, sitting at Lockhart, was, at a former term, adjudged guilty of murder. Upon appeal the conviction was affirmed. (See Millikin v. State, 296 S. W. 547.) The date of his execution was fixed for the 14th day of October, 1927. On the 13th day of that month there was presented to this court upon his behalf an application for a writ of habeas corpus advising this court that there had been filed in the District Court of the 22nd Judicial District of Texas, affidavits, in conformity with Art. 922, C. C. P., 1925, asserting that the said Millikin was insane; that the judge of the

court mentioned had declined to award him a trial on the issue of insanity upon the ground that he was in doubt as to his jurisdiction to do so.    Said petition further represented that the warden of the penitentiary in charge of the said Millikin, unless otherwise directed, would proceed with his execution immediately after twelve o'clock a. m. on the 14th day of October.    Upon the application advising this court of the facts mentioned above, and having in mind Art. 921, C. C. P., 1925, reading as follows:

"If it be made known to the court at any time after conviction, or if the court has good reason to believe that a defendant is insane, a jury shall be empaneled as in criminal cases to try the question of insanity."

The writ of habeas corpus was issued, directing that the execution be deferred; that the said Millikin be brought to Caldwell County and there, by a jury empaneled in the District Court of the 22nd Judicial District, the question of his insanity be determined, and ancillary to the said writ of habeas corpus and as essential to make it effective and enforce the jurisdiction of this court, upon whose mandate the execution of Millikin was authorized, this court directed the Honorable M. C. Jeffrey, judge of the said District Court, to proceed with a trial of the said Millikin to determine whether his present status is that of an insane person.

It was judicially known to this court at the time of the issuance of said order that the regular term of the District Court of Caldwell County would not begin until the _____ day of October, 1927; and it was further known that the said District Court of the 22nd Judicial District of Texas was in session in another county of the district and that the Honorable M. C. Jeffrey was there presiding.

From the documents before us, it is made known that the Honorable M. C. Jeffrey, judge aforesaid, in obedience to the direction of this court, prepared to try the said Millikin upon the issue mentioned and to that end ordered the organization of a special term of said court at Lockhart, in Caldwell County, at which place the law directed that such trial be had.    The law pertaining to the selection of juries, so far as applicable, is contained in several statutes.    In Arts. 2104-2107, R. S., 1925, it is declared that the District Court, at each term, shall appoint three jury commissioners to select persons who shall compose the jury for the succeeding term.    In Art. 640, C. C. P., 1925, it is declared:

"When, from any cause, there are no regular jurors for the

week from whom to select a jury, the court shall order the sheriff to summon forthwith such number of qualified persons as it may deem sufficient; and, from those summoned, a jury shall be formed."

This court has held where there was an arbitrary refusal to appoint jury commissioners at the previous term that advantage might be taken of such failure by one on trial for the succeeding term. (See Woolen v. State, 68 Tex. Crim. Rep. 189.) Where the failure to appoint jury commissioners at the previous term was by inadvertence, or for some good cause, complaint of it is not tenable, but the judge at the succeeding term would have the privilege of supplying a jury either by the appointment then of jury commissioners or supplying a jury under the terms of Art. 640, supra, or Art. 2108, R. S. 1925. See Ex Parte Holland, 91 Tex. Crim. Rep. 343; Sanchez v. State, 94 Tex. Crim. Rep. 606, 252 S. W. 548; Gray v. State, 99 Tex. Crim. Rep. 305, 268 S. W. 941; Bennett v. State, 95 Tex. Crim. Rep. 422, 253 S. W. 949. One who would take advantage of the failure to appoint jury commissioners must assume the burden of showing that the failure was not for good cause. (Sanchez v. State, supra.) It has been held that if, during a regular term, a special term is called to convene after adjournment of the regular term and the necessity for a jury commission is not foreseen by the regular judge, and he, for that reason, omits the appointment of jury commissioners, the judge presiding at the special term may proceed to secure a jury either by the appointment of jury commissioners or by an order summoning jurors by the sheriff, as provided in Art. 640, supra. See King v. State, 90 Tex. Crim. Rep. 289; Sanchez v. State, supra.

In the present instance, as indicated above, the learned trial judge presiding in the District Court of the 22nd Judicial District of Texas, holding his regular term of court in Comal County, Texas, was confronted with an unforeseen emergency requiring that he organize a special term of court in Caldwell County to try the lunacy case in question; that at the preceding regular term in Caldwell County no provision could have been made or foreseen for the calling of the special term now in session or the selection of a jury, but the duty and power rested with the learned trial judge, after convening such special term, to secure a jury as required by the statutes, the manner of such selection within the terms of the law, that is, through the sheriff or by means of jury commissioners, being within his judicial discretion. Moreover, it is pointed out in Bennett's

case (95 Tex. Crim. Rep. 422) that originally the statutory law did not authorize the calling of a special term except that the call be made during the regular term. By subsequent amendment, power was given so that the judge might either in term time or vacation call a special term of court. Such power necessarily implies that in a special term of court called in vacation the statutory provision requiring the appointment of a jury commission at the previous term did not operate. The law on the subject, as we understand it, now is that the District Judge is obligated at each regular term of court to appoint jury commissioners to select grand and petit juries for the succeeding term in the same county and district; that if he fails to do so, for any good cause, he may, at the succeeding term, procure a jury either through jury commissioners or through the sheriff. If his refusal to appoint jury commissioners at the previous term is shown to be arbitrary, complaint of it would be available to an individual charged with crime and put on trial at the succeeding term. The principle controlling might be applicable to a special term called during the regular term but not to a special term called in vacation, as was the one under consideration in this case. This much has been said concerning the merits of the question presented.

We desire to add, however, that in the lunacy proceeding under consideration, this court has no supervisory control over the manner of trial or over the exercise of judgment of the trial judge in the selection of a jury or the introduction of evidence or other matters of procedure. The jurisdiction of the Court of Crminal Appeals is appellate save in the matter of writs of habeas corpus, of which it has original jurisdiction. Its right to issue writs of mandamus accrues only "to enforce its jurisdiction." The remarks here made are emphasized by the opinion of the Supreme Court of this state refusing to permit the filing of an application for a writ of mandamus involving substantially the same questions that are involved in the present inquiry.

Our conclusion is that for this court to issue a writ of mandamus upon an ex parte hearing would be contrary to the statute which is quoted in the beginning of this opinion; that the matter involved is but a mere matter of procedure in the trial court over which this court, save in some cases of appropriate appeal, has no control; that the appellate jurisdiction of this court is confined to criminal cases; that a lunacy trial is not a criminal case, and therefore is not appealable. See

Darnell v. State, 24 Tex. Crim. App. 6; Ex Parte DeSilva, 98 Tex. Crim. Rep. 499.

For the reasons stated it is clear that we would have no authority to issue a writ of mandamus because of the facts averred in the petition. It therefore becomes our duty to refuse to permit the filing of the motion.

*Leave to file denied.*