The offense is vagrancy; the punishment, a fine of $200.

There is nothing to show that the recognizance found in the transcript was recorded in the minutes of the court as required by law. Rodgers v. State, 85 Tex. Cr. R. 421, 213 S. W. 637. Moreover, the recognizance shows to have been entered into on November 39, 1929, which is an impossible date. We are unable to determine whether the recognizance was entered into during term time. Texas Jurisprudence, vol. 4, § 84. The state's motion to dismiss the appeal must be sustained.

The appeal is dismissed.

On Appellant's Motion to Reinstate Appeal.

Appellant has attempted to remedy the defect pointed out in the opinion dismissing the appeal. A recognizance, the caption of which shows that it was entered into in the corporation court of the city of Texas City, is brought forward with the certificate of the clerk of the county court at law of Galveston county to the effect that said recognizance was entered into during the term of court at which appellant was tried and convicted. If we comprehend the record, appellant appealed from a conviction in the corporation court of Texas City, and, upon a trial de novo in the county court at law, was again convicted. We are unable to determine from the certificate appearing upon the recognizance that said recognizance was entered into in the county court at law during the term at which appellant was convicted. As far as the caption reflects the matter, said instrument is a part of the proceedings of the corporation court. An examination of the transcript fails to shed light on the question. It is observed that some of the orders made in the corporation court are embraced in the transcript.

The motion to reinstate the appeal is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

## GRIFFIN v. STATE.

### No. 13395.

Court of Criminal Appeals of Texas.

May 28, 1930.

Rehearing Denied June 25, 1930.

Will Hancock and Tom Whipple, both of Waxahachie, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J.

The appellant in this case was indicted for murder. When his case was called for trial, a motion duly verified by the wife of appellant was filed and presented to the court which alleged that the appellant was mentally incompetent to make a rational defense, and asking that the court hear evidence to determine the mental condition of 'appellant. This was granted, and a separate trial was had. In response to special issues submitting this matter, the jury returned a verdict against appellant, and judgment was entered accordingly. Motion for a new trial was filed and overruled, and notice of appeal to this court given and entered of record. It thus appears that appellant is attempting to appeal direct from a finding in the lower court that he was mentally competent to make a rational defense.

The jurisdiction of the Court of Criminal Appeals is fixed by the Constitution, and is limited in article 5, § 5, to "all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law." There is neither constitutional provision nor statutory authority which would expressly or impliedly in our opinion give the right of appeal from an order of the character noted above. Manifestly it does not amount to the conviction of an offense. It is not a "criminal case" and we therefore cannot entertain jurisdiction of this appeal. 4 Tex. Jur. Par. 6; Millikin v. Jeffrey, 108 Tex. Cr. R. 84, 299 S. W. 435; De Silvia v. State. 98 Tex. Cr. R. 499, 267 S. W. 271; Ex parte Morris, 96 Tex. Cr. R. 256, 257 S. W. 894; Holland v. State, 52 Tex. Cr. R. 160, 105 Tex. Cr. R. 812; Darnell v. State, 24 Tex. App. 6, 5 S. W. 522.

The question of whether or not the proceeding above was ancillary to the murder case and its issues of law might therefore be brought up with the main case is not here presented. We pass only on the right to appeal direct from a finding that he was mentally competent to conduct a rational defense.

Believing that this court is without jurisdiction, the appeal is dismissed.

PER CURIAM:

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

On Motion for Rehearing.

LATTIMORE, J.

We can add little to what has already been said in regard to this case. If it was proper to have a trial in a district court of the issue of the present insanity of appellant, before his trial upon a pending charge of murder, as seems to have been indicated in Guagando v. State, 41 Tex. 626, approved in Holland v. State, 52 Tex. Cr. R. 160, 105 S. W. 812, and to some extent in Ex parte Lowe, 94 Tex. Cr. R. 311, 251 S. W. 506, such trial was had, and the issue was decided by a jury in favor of the sanity of appellant; in other words, he was acquitted of the charge of insanity. This ended the inquiry as far as such proceeding was concerned, and, the issue being favorable to the accused, the inquiry terminated here. Darnell v. State, 24 Tex. App. 6, 5 S. W. 522. The state had no right of appeal.

The motion for rehearing will be overruled.