PORTER EMERSON v. THE STATE.

No. 15795. Delivered April 5, 1933.
Reported in 59 S. W. (2d) 117.

The opinion states the case.

*T. B. Bartlett* and *J. C. Patterson,* both of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, seven years in the penitentiary.

There seems no question of the sufficiency of the facts. We think the learned trial judge to be commended for the careful conservation of the rights of the appellant shown by this record. When the case was called for trial, it was made to appear that there was a serious question as to the mental ability of the accused to aid, advise with, and assist his counsel in the trial. The trial court postponed the hearing for six weeks. When the case was again called for trial, it was again presented to the court that the mind of appellant had not sufficiently cleared up to enable him to sanely take an appropriate part in his trial. Thereupon the court directed an inquiry at the hands of a jury properly conducted for the purpose of ascertaining whether or not from the facts, in the judgment of a jury, the accused was of sound mind and able to proceed with his trial. The affidavit of insanity was made by a brother of appellant. The result of this investigation was a verdict of the jury that appellant was sane. Thereupon the case was called for trial, a trial was had, and a verdict of guilty returned.

We find in the record but one bill of exception which complains generally of the fact that the appellant was not mentally or physically able to defend himself properly, and of a refusal to continue the case for this reason. It appears that the application for continuance upon this ground was made after the investigation had before the jury of appellant's mental condition, and after the verdict of the jury had been returned find-

ing him of sound mind. The application for continuance sets out the various steps taken by the court in regard to the matter, as we have above substantially outlined. We find nothing in the application, or in support thereof, indicating that by a postponement of the case, or a continuance thereof, there would have likely been a betterment in the condition of the accused. We are of opinion the trial court was within his discretion in declining a further continuance. The state filed an affidavit denying that appellant was of unsound mind, and asserting that he was physically and mentally able to participate in his trial. Examining the court's charge in connection with the other parts of the record, we find nothing to lead us to conclude that upon the trial of this case any plea of insanity was interposed. Under the merciful provisions of our statute one can not be tried while in a condition of insanity, but in order to avail himself of any supposed error in putting him on trial while in such condition, there would have to be a plea interposed upon which an issue might be formed and a jury decision had. We find no ground for any exception to the court's charge.

Believing no error appears in the record, the judgment will be affirmed.

*Affirmed.*