COLLAN H. MORGAN v. THE STATE.

No. 19467. Delivered April 13, 1938.
Rehearing denied June 8, 1938.

The opinion states the case.

*Stanley W. Caufield* and *George Rodriguez,* both of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *William E. Clayton,* Assistant District Attorney, both of El ·Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Eleanor Morgan by "choking her and strangling her and beating her in the head with a bottle and tying an insulated wire around her neck and thereby choking her."

Two or three years prior to the homicide Frank Rose, his wife (the deceased) and their small daughter, Gloria, moved into the same apartment house in which appellant lived with his wife and son. A clandestine affair developed between appellant and deceased. Finally the wife of appellant took her son and moved to New Mexico, where she died a few months later. Appellant and deceased continued their affair until the early part of 1937, when Rose demanded that deceased should determine whether or not she would live with him or go with the appellant. The result was that Rose and deceased separated. On the 5th of March, 1937, appellant and deceased married. Thereafter they drank heavily, had frequent quarrels, and were jealous of each other. In May, 1937, they separated and appellant went to live with a sister of his first wife. After appellant discussed with his attorney the question of securing a divorce from deceased, a reconciliation was effected and she agreed to live with him, on the condition that she would return to her people if they were unable to get along.

During the month of May, 1937, appellant's son came to live with him and the deceased. Thereafter appellant and the deceased began to quarrel. She told her landlady that appellant had abused her, and intimated that she was going to leave him. On the 20th of June, 1937, appellant found a letter deceased had written, in which there was an intimation that she intended

to leave the appellant. On the night of the date last mentioned appellant's son was away from home, and appellant and deceased were sitting on the floor playing cards. Without warning, appellant grabbed the deceased by the throat and choked her until she was unconscious. He then struck her on the head with a Coca-Cola bottle and wrapped a lamp cord around her neck. After washing his hands and changing his bloody clothing he left the room, locking the door behind him. Within an hour appellant's son returned to the house. Finding the apartment locked, he called the landlady to open the door. The body of deceased was discovered in the apartment and officers were immediately called to the scene of the homicide. When appellant returned to the apartment seeking his son he was arrested. He made a complete confession to the officers. Upon the trial he admitted that he had killed the deceased.

The case was set for trial for July 19, 1937. On July 13th attorneys for the appellant filed an affidavit to the effect that appellant was insane at the time of the commission of the homicide, and that he was insane at the time of the filing of the affidavit, and prayed that these issues be tried before he should be tried upon the indictment for murder. On July 19th a jury was impaneled and a trial had upon the sanity issues raised by the affidavit. The jury found that the appellant was sane at the time of the commission of the homicide and was then sane. Appellant filed a motion for new trial and when same was overruled he gave notice of appeal to this Court. Two days thereafter he was brought to trial upon the indictment herein. He again interposed the defense of insanity at the time of the commission of the offense, and sought to inject into the case the issue of present insanity. The court declined to consider the latter issue but received testimony pro and con on the question of appellant's sanity at the time of the commission of the offense. This issue was submitted to the jury. The preliminary trial to which we have referred was held under the provisions of House Bill No. 993, Acts of the Regular Session of the 45th Legislature.

When the case was called for trial appellant filed an application for continuance upon the ground that he had a right to appeal from the judgment of the court upon the sanity hearing before he could be tried upon the charge of murder. The court was warranted in overruling the application, as there could be no appeal from the sanity judgment. Ex parte Minor, 27 S. W. (2d) 805; Griffin v. State, 29 S. W. (2d) 349.

Bills of exception 1 and 2 relate to the refusal of the court to permit the appellant to inject into the case the issue of

present insanity. It has been observed that this issue was tried before a jury at the request of the appellant and that he was found to be sane at the time of the commission of the homicide and sane at the time of the trial. Two days later the case went to trial upon the indictment herein. Appellant was permitted to again submit his defense that he was insane at the time of the commission of the homicide. There was no suggestion at the time of the trial that there was any change in the mental condition of the appellant subsequent to the preliminary trial on the issue of present sanity. Moreover, the evidence indicates that his mental condition was the same at the time of the commission of the offense as it was at the time of the trial. The jury having found him not insane at the time of the commission of the offense, it would appear that had the issue been submitted they would necessarily have found him sane at the time of the trial. At all events, it appearing that there was no change in the mental condition of the appellant subsequent to the preliminary trial, we are constrained to hold that the court's action in the premises was correct. We disclaim any intention of holding that the preliminary trial on the question of the sanity of the appellant at the time of the commission of the offense precluded the presentation of that issue upon the main trial.

Bill of exception No. 5 is concerned with the action of the trial court in overruling appellant's challenge for cause to one of the jurors. The juror was not selected, as appellant peremptorily challenged him. Thereafter the court advised counsel for the appellant that he would accord him an additional peremptory challenge if requested to do so, but counsel failed to avail himself of the court's offer. The bill of exception fails to show that any objectionable juror was forced upon the appellant. This showing was necessary, it being the rule that it is not reversible error to refuse to sustain a good challenge for cause if the juror "subject to such challenge did not sit on the trial of the case and no other objectionable juror was forced on the defendant." Branch's Ann. P. C., Section 543.

Bills of exception 6 and 7 relate to the testimony of an officer who first viewed the body of the deceased. We think it was proper for the court to permit the witness to describe the scene as he viewed it at the time and to relate to the jury the condition in which he found the body of the deceased. Again, we see no error in permitting the State to introduce in evidence the Coca-Cola bottle and wire the appellant used in killing the deceased. See Smith v. State, 104 Texas Crim. Rep. 567.

Bill of exception No. 8 relates to argument to the jury on the part of counsel for the State. The argument was not objected

to at the time it was made. In Scott v. State, 105 S. W. (2d) 242, we said: "We have held many times that to be available objection to argument must be made at the time of the argument."

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that we were in error in not considering bills of exception numbers one and two which undertook to bring forward complaint because of certain evidence admitted upon the preliminary hearing of insanity. As the law makes no provision for appeal from the result of the preliminary sanity hearing it would be useless to review any proceeding occurring therein. (See authorities cited in our original opinion.)

Appellant insists that we should further construe the Act of the 45th Legislature, House Bill No. 993 (found in Cumulative Pocket Part, Vernon's Ann. Texas C. C. P., as Article 932a). The correct disposition of the present appeal does not call for a more complete discussion of the law in question than is found in our original opinion. The trial court did not think said law would justify him in refusing to permit appellant to plead insanity at the time the offense was committed in bar of a conviction. Certainly appellant can not complain because the court upon the main trial submitted insanity as a defense.

As said originally we find nothing in the record which made it necessary to again upon the main trial submit the issue of present insanity.

Believing our former disposition of the case was correct, appellant's motion for rehearing is overruled.