LUM WILSON BOEHME V. STATE.

No. 26,807. February 3, 1954.

*Frank Ivey* and *D. M. Teague*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *J. J. Fagan* and *Julien C. Hyer*, Assistants District Attorney, Dallas, and *Wesley Dice*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant has heretofore been charged with a criminal offense, and at his trial therefor he was found to have been insane at the time of the commission of the offense as well as at the time of the trial. Therefore, he was confined at the Texas State Hospital at Terrell for the insane. After having spent sometime therein he sued out a writ of habeas corpus to this court claiming that he had recovered his sanity and requesting a trial therefor. See Ex parte Boehme, 158 Tex. Cr. Rep. 278, 255 S.W. (2d) 206. In that case he was remanded to the district court of Dallas County where the question of his mental ca-

pacity could be gone into. He was not tried at that time in the court in Dallas County and again appeared before this court in Ex parte Boehme, 158 Tex. Cr. Rep. 597, 259 S.W. (2d) 201.

In the latter cause this court said:

"Treating the application as a petition for a hearing to determine appellant's present insanity, this court does not have jurisdiction because same is not a criminal proceeding nor an appeal in a criminal case."

Therefore the appeal was dismissed.

Appellant is now herein present on an attempted appeal from a verdict finding him insane at this time.

This court has appellate jurisdiction only of criminal cases. A lunacy trial is not a criminal case and therefore is not appealable. See Art. 5, Sec. 5, Constitution of Texas; Millikin v. Jeffrey, 108 Tex. Cr. R. 84, 299 S.W. 435; Darnell v. State, 24 Tex. App. 6, 5 S.W. 522, 38 L.R.A. 585.

See also De Silva v. State, 98 Tex. Cr. R. 499, 267 S.W. 271, in which it was held that an appeal from a trial relative to the insanity of an accused person does not lie to the Texas Court of Criminal Appeals.

See Ex parte Quesada, 34 Tex. Cr. R. 116, 29 S.W. 473; Ex parte Morris, 96 Tex. Cr. R. 256, 257 S.W. 894; Ex parte Minor, 115 Tex. Cr. R. 634, 27 S.W. (2d) 805; Morgan v. State, 135 Tex. Cr. R. 76, 117 S.W. (2d) 76; Hardin v. State, 248 S.W. (2d) 487.

In line with these decisions of the court, the appeal is dismissed.