**J. H. HOLLIS, Appellant,**

v.

**O. B. ELLIS, Director, Texas Department of Corrections, Appellee.**

No. 17244.

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1958.

J. H. Hollis, in pro. per.

Will Wilson, Atty. Gen. of Texas, Linward Shivers, B. H. Timmins, Jr., Asst. Attys. Gen., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

J. H. Hollis was convicted for murder and sentenced to life imprisonment in the district court of Van Zandt County, October 20, 1956. He did not appeal this judgment to the Court of Criminal Appeals. He did, however, apply to that court for a writ of habeas corpus and, the writ denied, he applied to the Supreme Court of the United States for a writ of certiorari, 355 U.S. 875, 78 S.Ct. 126, 2 L.Ed.2d 79, and on November 12, 1957, his application was denied. Hollis then filed an application for writ of habeas corpus in the United States district court for the Southern District of Texas. The district court refused to grant the writ of habeas corpus or to enter an order to show cause. Hollis is before this Court on an appeal from the order of the district court.

(1) Hollis contends that the judgment and sentence are null and void because costs were assessed against him. There is no merit to this argument. Perhaps it would have been better not to have assessed costs against a man sentenced to life imprisonment, but the assessment of costs does not affect the validity of judgment. Lanham v. State, 7 Tex.App. 126; Jackson v. State, 25 Tex.App. 314, 7 S.W. 872.

(2) Hollis contends that at the time of the trial he was mentally incapacitated and therefore did not know that he had the right to appeal his case. Texas law requires that the defendant plead insanity affirmatively at the time of the trial. Certainly in the absence of special circumstances showing a denial of due process, it can not be raised for the first time in a habeas corpus proceeding in the Federal Courts. Emerson v. State, 123 Tex.Cr.R. 343, 59 S.W.2d 117;

McMahan v. Hunter, 10 Cir., 1945, 150 F.2d 498.

 (3) Hollis contends that he had no adequate representation at the trial. The record shows that he had competent counsel. United States ex rel. Feeley v. Ragan, 7 Cir., 1948, 166 F.2d 976.

(4) Finally, Hollis contends that the sentence is void because it was not for an indeterminate period of years. Failure to apply the indeterminate sentence statute, Article 775 of Vernon's Texas Code of Criminal Procedure, does not render the sentence void. Ex parte Davis, 157 Tex.Cr.R. 370, 248 S.W.2d 133.

The order of the district court is

Affirmed.