**Roberto TORRES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39517.**

Court of Criminal Appeals of Texas.

May 4, 1966.

Rehearing Denied June 15, 1966.

Raymond E. Ehrlich, Pharr, for appellant.

R. L. Lattimore, Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

Appellant pleaded guilty to an indictment charging him with the offense of burglary and on March 15, 1962, was sentenced to a term of from 2 to 4 years in the penitentiary.

Execution of the sentence was suspended and appellant was granted probation, one of the conditions being that he commit no offense against the laws of this or any other state, or the United States.

On July 13, 1965, the Criminal District Attorney filed motion to revoke the probation granted appellant, alleging as one of the grounds therefor that he had violated the above condition in that on or about May 18, 1965, he burglarized a house belonging to John Milton Reynolds, Jr. with intent to commit theft.

Following a hearing on the motion to revoke the trial judge found that appellant had committed the burglary in violation of the above condition of his probation and on October 13, 1965, ordered that the probation granted on March 15, 1962, be revoked and the sentence made operative with credit given appellant for 132 days spent in jail pending the hearing.

It would serve no useful purpose to set out the evidence introduced in support of the motion to revoke probation. Suffice it to say that it was shown without dispute that on May 18, 1965, appellant broke the front display window of a jewelry store in Mercedes partly owned and in charge of John Reynolds, by throwing bricks, and took a radio and other items of merchandise from the display window without the consent of the owner.

Prior to the hearing of such evidence, appellant was granted a jury trial on the issue of insanity which resulted in findings that he was sane at the time of the hearing and "at the time of the alleged commission of the unlawful act charged against him." Appellant's complaint on this appeal is directed to the "hearing conducted by the 92nd District Court testing the sanity of appellant."

While the briefs present interesting questions relating to the authority and jurisdiction of the court to try the insanity issues, the proper test to be applied and the proper charge to be given, none of such questions are before this court for review.

This court has appellate jurisdiction only in criminal cases. An appeal from a trial relative to the insanity of an accused person does not lie to the Court

of Criminal Appeals. Boehme v. State, 159 Tex.Cr.R. 358, 264 S.W.2d 118, and cases cited; Pena v. State, 167 Tex.Cr.R. 406, 320 S.W.2d 355, and cases cited.

In an appeal from an order revoking probation, the review by this court is limited to determining whether the trial judge abused his discretion in ordering such revocation. Stratmon v. State, 169 Tex.Cr.R. 188, 333 S.W.2d 135, and cases cited; Oberlender v. State, 169 Tex.Cr.R. 307, 334 S.W.2d 186; Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566; Wicker v. State, Tex.Cr.App., 378 S.W.2d 332; and other cases listed under Art. 781d Vernon's Ann.C.C.P., Note 8.

The record showing no abuse of discretion by the trial judge, it becomes the duty of this court to affirm the order revoking appellant's probation.

The judgment is affirmed.