# NO. 12-13-00268-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WELDON BOYCE BRIDGES,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 217TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

On July 15, 2009, pursuant to a plea bargain, Appellant Weldon Boyce Bridges pleaded guilty in the 159th Judicial District Court of Angelina County to the offense of aggravated sexual assault of a child (trial court cause number CR-27979). The court found Appellant guilty and sentenced him to imprisonment for twenty-two years in accordance with the terms of the plea bargain. Four years later, Appellant filed a motion to dismiss the same case (cause number CR-27979) in the 217th Judicial District Court of Angelina County. He alleged that despite his conviction and resulting sentence in the 159th District Court, the case is still pending in the 217th District Court. Along with his motion, Appellant submitted a proposed order. The order was returned to him unsigned with a diagonal line drawn across the body of the order and "denied" handwritten on the order. This appeal followed.

### JURISDICTION

On November 22, 2013, this court notified Appellant that his notice of appeal does not show the jurisdiction of this court because it does not pertain to a final judgment or appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The notice also warned Appellant that the appeal would be dismissed unless, on or before December 23, 2013, the information in the appeal was amended to show this court's jurisdiction.

The notice was sent for two reasons. First, the order Appellant seeks to appeal is not signed. And second, the "order" is not a judgment of conviction or other appealable order.

## Signed Written Order

As pertinent here, when no motion for new trial is filed, a defendant's notice of appeal must be filed within thirty days after the trial court "enters" an appealable order. TEX. R. APP. P. 26.2(a)(1), Texas courts have held that "entered" by the court means a signed, written order. S*ee, e.g.*, ***State ex rel. Sutton v. Bage***, 822 S.W.2d 55, 56 (Tex. Crim. App. 1992); ***Ortiz v. State***, 299 S.W.3d 930, 933 (Tex. App.–Amarillo 2009, no pet.). Thus, a signed, written, appealable order is a prerequisite to invoking this court's appellate jurisdiction. *See* TEX. R. APP. P. 26.2()(1); ***Dewalt v. State***, No. 03-12-00785-CR, 2013 WL 5979612, at *4 n.32 (Tex. App.–Austin Nov. 7, 2013, rule 53.7(f) motion granted) (not yet released for publication).

In a situation such as this, we would ordinarily treat the notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for clarification and preparation of a signed, written order reflecting any ruling made. *See* TEX. R. APP. P. 27.1(b); ***Dewalt***, 2013 WL 5979612, at *4 n.32. But as we explain in the next section, another jurisdictional defect exists in this case. Therefore, we decline to abate and remand.

## Appealable Order

The right to appeal is conferred by the legislature, and generally a party may appeal only those cases for which the legislature has authorized appeal. *See* ***Marin v. State***, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds*, ***Cain v. State***, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); ***Olowosuko v. State***, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized."). Thus, the standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." ***Blanton v. State***, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012); *see* TEX. CONST. art. V, § 6 (stating that jurisdiction of courts of appeals "shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law").

Article 44.02 of the Texas Code of Criminal Procedure provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed. . . ." TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *see* TEX. R. APP. P. 25.2(a)(2) (stating that defendant

"has the right of appeal under Code of Criminal Procedure article 44.02 and these rules"). "However, in the absence of a positive legislative enactment, this statutory right of appeal has generally been 'restricted to persons convicted of offenses and those denied release under the writ of habeas corpus.'" *Celani v. State*, 940 S.W.2d 327, 329 (Tex. App.–San Antonio 1997, pet. ref'd) (quoting *De Silva v. State*, 98 Tex. Crim. 499, 267 S.W. 271, 272 (1924)); *see State v. Seller*s, 790 S.W.2d 316, 322 n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal under Article 44.02 [] and its predecessors has always been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face."). But there are certain narrow exceptions. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.) (listing exceptions).

Here, Appellant filed a motion to dismiss the case in which he is presently serving his sentence. But he alleges that the case is pending in the 217th District Court, which was not the convicting court. We note that according to the record, the two courts–the 159th and the 217th District Courts–have a bench-sharing agreement, and the judge of the 217th District Court presided over two of the hearings that occurred prior to Appellant's sentencing. The record does not indicate that the case is pending in the 217th District Court. Regardless, we have not located any constitutional or statutory provision granting the right to appeal in the event we obtained a signed, written order denying the motion, and Appellant has not referred us to any such provision.

## CONCLUSION

The record does not include a signed, written order denying Appellant's motion to dismiss. Nor have we located any authority supporting a right to appeal the denial of a motion to dismiss such as the one Appellant filed. And finally, Appellant responded to this court's November 22, 2013 notice, but failed to show that this court has jurisdiction of the appeal. Therefore, we hold that we lack jurisdiction of this appeal. Accordingly, we *dismiss* the appeal *for want of jurisdiction*. *See* TEX. R. APP. P. 42.3(a), 44.3. All pending motions are overruled as moot.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 8, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 8, 2014

NO. 12-13-00268-CR

**WELDON BOYCE BRIDGES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. CR-27979)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

# THE STATE OF TEXAS
# M A N D A T E
*******************************************

**TO THE 217TH DISTRICT COURT OF ANGELINA COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 8th day of January, 2014, the cause upon appeal to revise or reverse your judgment between

**WELDON BOYCE BRIDGES, Appellant**

**NO. 12-13-00268-CR; Trial Court No. CR-27979**

By *per curiam* opinion.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the xx day of December, 2013.

CATHY S. LUSK, CLERK

By: *Katrina McClenny*
Chief Deputy Clerk