Ex Parte Joe Minor.

No. 13439. Delivered April 30, 1930.
Reported in 27 S. W. (2d) 805.

*E. R. Stinnes* of Dallas, *Glen L. Bruner* of San Antonio, and *G. W. Boyd* of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

ON APPLICATION FOR WRIT OF CERTIORARI.

MORROW, PRESIDING JUDGE.—Upon his trial in the district court of Hopkins County, Joe Minor was convicted for the murder of Jim Sickles, and the judgment on appeal was affirmed October 26, 1927. See Minor v. State, 108 Tex. Cr. R. 1. Minor now seeks of the Court of Criminal Appeals a writ of certiorari requiring the trial court to send here for review a transcript of the proceeding on the hearing of the motion for new trial in that court on the 29th day of January, 1930. From the application here filed the following quotation is taken:

"On January 29th, A. D. 1930, your petitioner applied to the District Court of Hopkins County, Texas, for new trial in the nature of the writ Coram Nobis because it was alleged in the motion that the defendant was insane at the time of his trial and that fact having not been presented and unknown to the court that there was no valid judgment rendered, which motion was denied on the 8th day of February, wherefore this appeal."

It is averred in the motion filed here that the appellant, after his conviction, was adjudged a lunatic, and that the superintendent of the asylum in which he was confined made oath that in his opinion the said Minor had been insane for a number of years prior to his entrance into the hospital in April, 1928. It is also averred that the appellant is in possession of affidavits of other persons expressing the opinion that at the time of his trial for murder he was insane. However, the basis of their beliefs is not set forth.

The contention that the writ of error coram nobis has vitality in this state may be conceded as to civil cases, provided not barred by limitations. See Tex. Jur., Vol. 3, p. 43, sec. 8; Weaver v. Shaw, 5 Tex. Rep. 286; Milan County v. Robertson, 47 Tex. Rep. 222. In some other states the writ mentioned has been treated as applicable in criminal cases. See Sanders v. State, 85 Ind. 318; 1 Bishop Cr. Law, Sec. 396; Adler v. State, 35 Ark. 517; State v. Patton, 10 La. 299. In this state the writ has not been applied in any criminal case of which we are aware. In Ruling Case Law, Vol. 2, p. 395, it is said:

"A writ of coram nobis to correct an error of fact can be issued only by the same court which rendered the judgment."

The purpose of the writ is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. The authority of this court to issue writs of certiorari is limited to such as may be necessary to enforce its own jurisdiction. See Sec. 5, Art. 5, Constitution of Texas. In that section it is also stated:

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law."

The legislature has prescribed by specific enactments the appellate jurisdiction of the Court of Criminal Appeals (Art. 53, C. C. P.), and the procedure by which that jurisdiction can be invoked. See C. C. P., Arts. 812 to 866, inclusive. In addition to those articles are the provisions relating to the writ of habeas corpus. The only original jurisdiction possessed by the Court of Criminal Appeals is in the issuance of writs of habeas corpus, and the only method of invoking its appellate jurisdiction is by appeal, save in the matter of judgments on forfeited bail bonds in which the writ of error is provided for. See Art. 866, C. C. P. The Court of Criminal Appeals is not a common law court, but at the time of its adoption was somewhat of an innovation in that it is said to be the first appellate court of last resort with jurisdiction confined to the review of criminal prosecutions. The right of appeal as it prevails in this state is, by the Constitution, made subject to regulatory statutes enacted by the Legislature and governed by them when they are not in conflict with the constitutional guarantees. See Tex. Jur., Vol. 4, p. 18; King v. State, 105 Tex. Cr. R. 417, and precedents and authorities therein cited. From what has been said it follows that one who would invoke the jurisdiction of the Court of Criminal Appeals must be able to point to some provision of the statute conferring the right of appeal and bring himself within the procedure prescribed by the Legislature. In Art. 827, C. C. P., it is declared:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record."

Unless it appears that the proceeding of which complaint is made is one of which this court could take cognizance and it further appears that notice of appeal has been given and entered, there would exist in this court no authority to issue a writ of certiorari commanding the trial court to perfect and forward the record here. The

information given to this court by the averments in the application is that at the time of his trial for murder in 1927 the appellant was insane; that this fact was not presented and was unknown to the court and that therefore the judgment of conviction of the appellant should be annulled. Such was the issue presented to the trial court as understood from the pleadings so far as they are brought to the attention of this court. In Art. 34, P. C., as construed by the court, one charged with the commission of an offense has the right, preliminary to his trial upon the merits, to have the issue of his present insanity determined in a separate trial. See Ramirez v. State, 92 Tex. Cr. R. 38; Soderman v. State, 97 Tex. Cr. R. 23; Ex parte Lowe, 94 Tex. Cr. R. 307. If there is a failure to demand it, however, the issue may be presented in the trial on the merits. See Soderman v. State, supra. The finding by the jury that one accused of crime was insane at the time of the trial would operate to stay the proceedings and prevent the final trial. If in the preliminary trial the issue of insanity was decided against the accused, there could be no appeal therefrom. However, if the court should ignore the request for a preliminary trial and proceed with the trial on the merits, the error will be subject to review. That an appeal does not lie from a judgment in a lunacy proceeding has often been declared by this court. See Darnell v. State, 24 Tex. Cr. App. 6; Ex parte De Silvia, 98 Tex. Cr. R. 499; Millikin v. Jeffrey, 108 Tex. Cr. R. 84. The averments set forth in the application to this court for a writ of certiorari do not state nor necessarily imply that the alleged fact that the accused was insane at that time was unknown to his attorneys. It is merely stated that it was unknown to the court. Upon his trial the accused was represented by skillful and eminent attorneys. He took an active part in the trial in the way of signing and making oath to motions presented to the court upon various matters. The writ of coram nobis, so far as applicable in this state, has been applied to civil cases alone. In that class of cases, so far as we are aware, the writ is not available to review a judgment because a given fact was unknown to the court which tried the case when the fact was known to the litigant seeking the relief by a writ of coram nobis. Illustrations are found in the opinions of the Supreme Court of this State in the case of Gamel, et al. v. City National Bank, 258 S. W. 1043.

Upon the whole record this court is constrained to refuse to grant the relief prayed for.

*Denied.*