NO. 07-07-0011-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 6, 2007



______________________________




IN THE INTEREST OF P.M.T.D., A CHILD



_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 70,564-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 By the entry of an Order of Termination, signed November 21, 2006, the trial court
terminated the parental rights of the Appellant, Channon Michelle Adams, to her child,
P.M.T.D. Appellant perfected this accelerated appeal by filing a pro se notice of appeal
on December 11, 2006. The District Clerk inadvertently failed to note that this appeal was
separate and distinct from an appeal filed in a companion case, Cause No. 07-06-0477-CV, styled In the Interest of A.T.D., resulting in the late filing of the clerk's record on
February 15, 2007. The reporter's record having been previously filed, Appellant's brief
was, therefore, originally due on Wednesday, March 7, 2007. On March 14, 2007,
Appellant filed a Motion For Extension of Time to File Appellant's Brief, which motion was
granted thereby extending the deadline for the filing of Appellant's brief until the earlier of
twenty days following the filing of a supplemental reporter's record or April 13, 2007. 
Appellant did not seek an extension of this deadline; however, the reporter did request an
extension of time to file the supplemental reporter's record. The reporter's request was
granted on April 17, 2007, extending the deadline for filing the supplemental reporter's
record until May 15, 2007. At the same time, this Court sua sponte extended the deadline
for filing Appellant's brief until 20 days following the filing of the supplemental record. The
supplemental record was filed on May 15, 2007, making Appellant's brief due on Monday,
June 4, 2007. On June 11th this Court again notified Appellant that unless the brief, or a 
response reasonably explaining Appellant's failure to file a brief, were filed on or before
June 21, 2007, the appeal would be subject to dismissal for want of prosecution without
further notice pursuant to Rules 38.8(a)(1) and 42.3(b) of the Texas Rules of Appellate
Procedure. To date this Court has received neither a brief nor another request for
extension of time to file Appellant's brief. 

 Having failed to meet any of the four previous deadlines for the filing of Appellant's
brief, the appeal is dismissed.


 Per Curiam



olid;
 border-color: black;
 margin-top: 25px;
 padding: 6px;
 line-height: normal
}

span.WPNormal
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NO. 07-09-0129-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 19, 2009

______________________________
 
IN RE ALVIN ORTIZ, RELATOR
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appearing pro se, Alvin Ortiz has filed with this court a “motion for leave to file
original writ of error” and an “original writ of error” through which he seeks an order
compelling the trial court to conduct an evidentiary hearing on his out-of-time motion for
new trial. We will deny both the motion for leave to file writ of error and the writ of error. 
          The documents Ortiz has filed refer to his 2002 convictions in Potter County. 
Pursuant to open pleas of guilty, he was convicted of aggravated assault with a deadly
weapon and assault on a family member. After hearing punishment evidence, the trial
court assessed prison sentences of fourteen years and seven years respectively. We
affirmed his convictions in 2003. Ortiz v. State, No. 07-02-0391-CR & 07-02-0392-CR,
2003 WL 22327203, 2003 Tex. App. Lexis 8738 (Tex.App.–Amarillo Oct. 10, 2003, pet.
refused) (mem. op.) (not designated for publication). In December 2008, Ortiz filed a
motion with the trial court clerk seeking a new trial on the ground of newly discovered
evidence. See Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon 2006). He asserts the
complaining witness recanted a claim that Ortiz assaulted her with a knife.


 
          In support of this court’s jurisdiction to conduct review by writ of error, Ortiz cites
article 44.43 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 44.43
(Vernon 2006). This statute, however, pertains to review of judgments in cases of bond
forfeiture. Tex. Code Crim. Proc. Ann. arts. 44.43, 44.42 (Vernon 2006); cf. Ex parte
Minor, 115 Tex.Crim. 634, 636, 27 S.W.2d 805, 806-07 (Tex.Crim.App. 1930) (before
constitutional amendment transferred first-level appellate jurisdiction over non-death
penalty cases to courts of appeals, Court of Criminal Appeals noted its appellate
jurisdiction was invoked by appeal or writ of error in cases of bond forfeiture). Article 44.43
has no application to the complaint Ortiz raises in his documents. 
          Disregarding the title Ortiz placed on the documents he has filed in this court, they
might be viewed as seeking a writ of mandamus directing the trial court to take an action
required by law. “The writ of mandamus is ‘[a] writ issued by a superior court to compel
a lower court or government officer to perform mandatory or purely ministerial duties
correctly.’” In re Chu, 134 S.W.3d 459, 461 (Tex.App.–Waco 2004, orig. proceeding)
(quoting Black’s Law Dictionary 973 (7th ed. 1999)). If we view the documents as seeking
mandamus,


 we immediately notice two reasons we would be unable to grant the relief
Ortiz requests. First, although the trial court clerk’s file-mark on Ortiz’s motion for new trial
indicates it was filed, he has not provided proof that his motion was brought to the attention
of the trial court. Filing a motion with the district clerk does not prove the motion was
brought to the attention of the trial court because the clerk’s knowledge of the motion is not
imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001,
orig. proceeding). Therefore, “[relator] must prove that the trial court received notice of the
pleading. . . . Merely alleging that something was filed with or mailed to the district clerk
does not satisfy that requirement.” In re Metoyer, No. 07-07-0506-CR, 2008 WL 123575,
at *1 n.2, 2008 Tex. App. Lexis 243, at *4 n.2, (Tex.App.–Amarillo January 14, 2008, orig.
proceeding) (citations omitted) (not designated for publication). The underlying logic of this
precept requires no substantial explanation. “[A] court cannot be faulted for doing nothing
when it is or was unaware of the need to act.” Id. As a request for mandamus, Ortiz’s
documents fail for want of proof that his motion for new trial was brought to the attention
of the trial court. See In re Posey, No. 07-03-0518-CV, 2004 WL 111551, at *1, 2004 Tex.
App. Lexis 695, at *2-3 (Tex.App.–Amarillo 2004, orig. proceeding). 
          Secondly, we note that the motion Ortiz has filed with the trial court clerk asks for
a new trial but does not expressly request a hearing. The issuance of mandamus would
require us to find by failing to hold the hearing Ortiz desires the trial court clearly abused
its discretion and there is no adequate remedy by appeal. See In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses
its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)
(orig. proceeding). But that is not shown here as “[a] trial court is not required to convene
a hearing on a motion for new trial absent a request by the movant for such a hearing.” 
Gallegos v. State, 76 S.W.3d 224, 228 (Tex.App.–Dallas 2002, pet. refused). For that
reason also we would be unable to grant Ortiz relief based on the documents filed.


 
          For these reasons, Ortiz’s motion for leave to file original writ of error and writ of
error are denied.

 
                                                                James T. Campbell

                                                                         Justice