NO. 07-09-0129-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 19, 2009

_____

IN RE ALVIN ORTIZ, RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appearing *pro se*, Alvin Ortiz has filed with this court a "motion for leave to file original writ of error" and an "original writ of error" through which he seeks an order compelling the trial court to conduct an evidentiary hearing on his out-of-time motion for new trial. We will deny both the motion for leave to file writ of error and the writ of error.

The documents Ortiz has filed refer to his 2002 convictions in Potter County. Pursuant to open pleas of guilty, he was convicted of aggravated assault with a deadly weapon and assault on a family member. After hearing punishment evidence, the trial court assessed prison sentences of fourteen years and seven years respectively. We affirmed his convictions in 2003. *Ortiz v. State,* No. 07-02-0391-CR & 07-02-0392-CR, 2003 WL 22327203, 2003 Tex. App. Lexis 8738 (Tex.App.–Amarillo Oct. 10, 2003, pet. refused) (mem. op.) (not designated for publication). In December 2008, Ortiz filed a

motion with the trial court clerk seeking a new trial on the ground of newly discovered evidence. *See* Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon 2006). He asserts the complaining witness recanted a claim that Ortiz assaulted her with a knife.[1]

In support of this court's jurisdiction to conduct review by writ of error, Ortiz cites article 44.43 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 44.43 (Vernon 2006). This statute, however, pertains to review of judgments in cases of bond forfeiture. Tex. Code Crim. Proc. Ann. arts. 44.43, 44.42 (Vernon 2006); *cf. Ex parte Minor,* 115 Tex.Crim. 634, 636, 27 S.W.2d 805, 806-07 (Tex.Crim.App. 1930) (before constitutional amendment transferred first-level appellate jurisdiction over non-death penalty cases to courts of appeals, Court of Criminal Appeals noted its appellate jurisdiction was invoked by appeal or writ of error in cases of bond forfeiture). Article 44.43 has no application to the complaint Ortiz raises in his documents.

Disregarding the title Ortiz placed on the documents he has filed in this court, they might be viewed as seeking a writ of mandamus directing the trial court to take an action required by law. "The writ of mandamus is '[a] writ issued by a superior court to compel a lower court or government officer to perform mandatory or purely ministerial duties correctly.'" *In re Chu,* 134 S.W.3d 459, 461 (Tex.App.–Waco 2004, orig. proceeding) (*quoting* Black's Law Dictionary 973 (7th ed. 1999)). If we view the documents as seeking

---

[1] A copy of a June 2003 affidavit of the complaining witness is appended to the documents Ortiz has filed in this court. We note that the affidavit deals only with Ortiz's use of a knife and does not address other injuries that evidence showed were inflicted on the witness. *See Ortiz,* 2003 WL 22327203, at *1, 2003 Tex. App. Lexis 8738, at *2-3 (photographic evidence admitted at trial depicted black eyes and multiple bruises throughout the body of the witness).

mandamus,[2] we immediately notice two reasons we would be unable to grant the relief Ortiz requests. First, although the trial court clerk's file-mark on Ortiz's motion for new trial indicates it was filed, he has not provided proof that his motion was brought to the attention of the trial court. Filing a motion with the district clerk does not prove the motion was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding). Therefore, "[relator] must prove that the trial court received notice of the pleading. . . . Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement." *In re Metoyer,* No. 07-07-0506-CR, 2008 WL 123575, at *1 n.2, 2008 Tex. App. Lexis 243, at *4 n.2, (Tex.App.–Amarillo January 14, 2008, orig. proceeding) (citations omitted) (not designated for publication). The underlying logic of this precept requires no substantial explanation. "[A] court cannot be faulted for doing nothing when it is or was unaware of the need to act." *Id.* As a request for mandamus, Ortiz's documents fail for want of proof that his motion for new trial was brought to the attention of the trial court. *See In re Posey,* No. 07-03-0518-CV, 2004 WL 111551, at *1, 2004 Tex. App. Lexis 695, at *2-3 (Tex.App.–Amarillo 2004, orig. proceeding).

Secondly, we note that the motion Ortiz has filed with the trial court clerk asks for a new trial but does not expressly request a hearing. The issuance of mandamus would require us to find by failing to hold the hearing Ortiz desires the trial court clearly abused its discretion and there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of*

---

[2] On whether the documents Ortiz filed meet the procedural requirements for a petition for writ of mandamus, we express no opinion. *See* Tex. R. App. P. 52.

3

*Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). But that is not shown here as "[a] trial court is not required to convene a hearing on a motion for new trial absent a request by the movant for such a hearing." *Gallegos v. State,* 76 S.W.3d 224, 228 (Tex.App.–Dallas 2002, pet. refused). For that reason also we would be unable to grant Ortiz relief based on the documents filed.[3]

For these reasons, Ortiz's motion for leave to file original writ of error and writ of error are denied.

James T. Campbell
Justice

---

[3] We note also that Ortiz cites *Ex parte Tuley*, 109 S.W.3d 388 (Tex.Crim.App. 2002) in his documents. *Tuley* is a habeas corpus case. Ortiz's documents also state that his is an "actual innocence" case, which also suggests the relief he seeks properly should be addressed through habeas corpus. This court would have no jurisdiction over a post-felony conviction habeas corpus proceeding. Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (Vernon Supp. 2008); *see Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim.App. 1991) (orig. proceeding) (only the Texas Court of Criminal Appeals has jurisdiction over state post-conviction felony proceedings); *In re McAfee,* 53 S.W.3d 715, 718 (Tex.App.–Houston [1st Dist.] 2001, orig. proceeding) (court of appeals is without authority to issue writ of mandamus compelling district judge to act on a petition for writ of habeas corpus in which the judgment of conviction is final).