NO. 07-09-0129-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 19, 2009

______________________________
Â 
IN RE ALVIN ORTIZ, RELATOR
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appearing pro se, Alvin Ortiz has filed with this court a âmotion for leave to file
original writ of errorâ and an âoriginal writ of errorâ through which he seeks an order
compelling the trial court to conduct an evidentiary hearing on his out-of-time motion for
new trial. We will deny both the motion for leave to file writ of error and the writ of error. 
Â Â Â Â Â Â Â Â Â Â The documents Ortiz has filed refer to his 2002 convictions in Potter County. 
Pursuant to open pleas of guilty, he was convicted of aggravated assault with a deadly
weapon and assault on a family member. After hearing punishment evidence, the trial
court assessed prison sentences of fourteen years and seven years respectively. We
affirmed his convictions in 2003. Ortiz v. State, No. 07-02-0391-CR & 07-02-0392-CR,
2003 WL 22327203, 2003 Tex. App. Lexis 8738 (Tex.App.âAmarillo Oct. 10, 2003, pet.
refused) (mem. op.) (not designated for publication). In December 2008, Ortiz filed a
motion with the trial court clerk seeking a new trial on the ground of newly discovered
evidence. See Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon 2006). He asserts the
complaining witness recanted a claim that Ortiz assaulted her with a knife.


 
Â Â Â Â Â Â Â Â Â Â In support of this courtâs jurisdiction to conduct review by writ of error, Ortiz cites
article 44.43 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 44.43
(Vernon 2006). This statute, however, pertains to review of judgments in cases of bond
forfeiture. Tex. Code Crim. Proc. Ann. arts. 44.43, 44.42 (Vernon 2006); cf. Ex parte
Minor, 115 Tex.Crim. 634, 636, 27 S.W.2d 805, 806-07 (Tex.Crim.App. 1930) (before
constitutional amendment transferred first-level appellate jurisdiction over non-death
penalty cases to courts of appeals, Court of Criminal Appeals noted its appellate
jurisdiction was invoked by appeal or writ of error in cases of bond forfeiture). Article 44.43
has no application to the complaint Ortiz raises in his documents. 
Â Â Â Â Â Â Â Â Â Â Disregarding the title Ortiz placed on the documents he has filed in this court, they
might be viewed as seeking a writ of mandamus directing the trial court to take an action
required by law. âThe writ of mandamus is â[a] writ issued by a superior court to compel
a lower court or government officer to perform mandatory or purely ministerial duties
correctly.ââ In re Chu, 134 S.W.3d 459, 461 (Tex.App.âWaco 2004, orig. proceeding)
(quoting Blackâs Law Dictionary 973 (7th ed. 1999)). If we view the documents as seeking
mandamus,


 we immediately notice two reasons we would be unable to grant the relief
Ortiz requests. First, although the trial court clerkâs file-mark on Ortizâs motion for new trial
indicates it was filed, he has not provided proof that his motion was brought to the attention
of the trial court. Filing a motion with the district clerk does not prove the motion was
brought to the attention of the trial court because the clerkâs knowledge of the motion is not
imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex.App.âAmarillo 2001,
orig. proceeding). Therefore, â[relator] must prove that the trial court received notice of the
pleading. . . . Merely alleging that something was filed with or mailed to the district clerk
does not satisfy that requirement.â In re Metoyer, No. 07-07-0506-CR, 2008 WL 123575,
at *1 n.2, 2008 Tex. App. Lexis 243, at *4 n.2, (Tex.App.âAmarillo January 14, 2008, orig.
proceeding) (citations omitted) (not designated for publication). The underlying logic of this
precept requires no substantial explanation. â[A] court cannot be faulted for doing nothing
when it is or was unaware of the need to act.â Id. As a request for mandamus, Ortizâs
documents fail for want of proof that his motion for new trial was brought to the attention
of the trial court. See In re Posey, No. 07-03-0518-CV, 2004 WL 111551, at *1, 2004 Tex.
App. Lexis 695, at *2-3 (Tex.App.âAmarillo 2004, orig. proceeding). 
Â Â Â Â Â Â Â Â Â Â Secondly, we note that the motion Ortiz has filed with the trial court clerk asks for
a new trial but does not expressly request a hearing. The issuance of mandamus would
require us to find by failing to hold the hearing Ortiz desires the trial court clearly abused
its discretion and there is no adequate remedy by appeal. See In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses
its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)
(orig. proceeding). But that is not shown here as â[a] trial court is not required to convene
a hearing on a motion for new trial absent a request by the movant for such a hearing.â 
Gallegos v. State, 76 S.W.3d 224, 228 (Tex.App.âDallas 2002, pet. refused). For that
reason also we would be unable to grant Ortiz relief based on the documents filed.


 
Â Â Â Â Â Â Â Â Â Â For these reasons, Ortizâs motion for leave to file original writ of error and writ of
error are denied.

Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice








 Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00271-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 

 MARCH 10, 2010



Â 



Â 

JACOB CARRIZALES, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

Â FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

Â 

NO. 2008-421,989; HONORABLE CECIL G. PURYEAR, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â 

Appellant Jacob Carrizales appeals from his conviction, on an open plea to the court, of the offense of burglary of a
habitation and the resulting sentence of
fifteen years confinement in the Institutional Division of the Texas Department
of Criminal Justice.Â  Appellant's
attorney has filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)
and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App.
2008).Â  Agreeing with appointed counsel=s conclusion the
record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court=s judgment.

In December 2008,
appellant was indicted for burglary of a habitation.[1]Â  On June 3, 2009, appellant entered an open
plea of guilty before the court. The trial court admonished appellant, ensured
his plea was entered knowingly, freely, and voluntarily, and explained the
range of punishment applicable to this case.Â 
Appellant admitted he committed the offense of burglary of a habitation
by entering the home of a woman, without her effective consent, with the intent
to commit sexual assault.Â  The State then
presented its punishment evidence, including the stipulated judgments of
appellant=s three prior convictions.Â  

Â Â Â Â Â Â Â Â Â Â Â  The punishment evidence included the
testimony of the victim and other witnesses.

A pre-sentence
investigation report was ordered.Â  On
June 22, appellant presented his punishment evidence. Appellant=s mother testified
about appellant=s prior convictions and about his drinking
problem.Â  Appellant also testified. He
expressed remorse for his actions and testified to his alcohol abuse.Â  He stated he was intoxicated on November 22
and did not remember much of that night and that it was a Ablur.@Â  He did not dispute that he broke into the
home or that he tried to have sexual intercourse with the owner of the
home.Â  He expressed his desire to be
placed on community supervision and obtain help for his alcohol addiction.
Thereafter, appellant was sentenced to fifteen years of imprisonment.Â  Appellant timely appealed.

Thereafter,
appellant's appointed appellate counsel filed a motion to withdraw and a brief
in support pursuant to Anders in which he certifies that he has
diligently reviewed the record and, in his professional opinion, under the
controlling authorities and facts of this case, there is no reversible error or
legitimate grounds on which a non-frivolous appeal arguably can be
predicated.Â  The brief discusses the
procedural history of the case, appellant=s plea of guilty,
and the hearing concerning appellant=s punishment.Â  Counsel has certified that a copy of the Anders
brief and motion to withdraw have been served on appellant, and that counsel
has advised appellant of his right to review the record and file a pro se
response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.BWaco 1994, pet. ref'd).Â  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel.Â 
Appellant has not filed a response.

In conformity with
the standards set out by the United States Supreme Court, we will not rule on
the motion to withdraw until we have independently examined the record.Â  Nichols v. State, 954
S.W.2d 83, 86 (Tex.App.BSan
Antonio 1997, no pet.).Â  If this Court
determines the appeal has merit, we will remand it to the trial court for
appointment of new counsel.Â  See
Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App.1991).Â Â Â Â Â Â Â Â Â  

Because appellant
entered an open plea of guilty, he waived any non-jurisdictional defects, other
than the voluntariness of his plea, that occurred
before entry of the plea so long as the judgment of guilt was rendered
independent of, and is not supported by, the alleged error.Â  Young v. State, 8
S.W.3d 656, 666-67 (Tex.Crim.App. 2000).Â  

We note first that
there is nothing in the record that supports existence of a jurisdictional
defect.Â  Second, the record indicates
appellant=s plea was entered freely and voluntarily
as required by article 26.13 of the Code of Criminal Procedure.Â  See Tex. Code Crim.
Proc. Ann. art. 26.13(b) (Vernon 2007).Â  The trial court thoroughly admonished
appellant on the record prior to accepting his open plea of guilty.Â  Appellant indicated his understanding of each
admonishment.Â  The record reflects that
appellant also signed and submitted written plea admonishments that included
waivers, admonitions, and a judicial confession that the trial court ensured
was entered freely, voluntarily and knowingly.Â 
See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2007).Â 
Our review of the record reveals no arguably meritorious issue may be
raised on this point.

Counsel points to
a potential issue with regard to the trial court=s admission, over
defense counsel=s objection, of a patrol car video during
the punishment stage.Â  Counsel has
explained why the issue does not present an arguable basis for relief on appeal.
We agree with counselÂs conclusion.

Secondly, counsel
notes the possibility that appellant might argue he received ineffective
assistance of counsel.Â  See Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective
assistance of counsel).Â  We agree with
counsel that the record contains no support for such a contention.Â  

We note also that
after a thorough review of the record, we find no arguably meritorious point
may be raised with regard to the punishment assessed to appellant.Â  Because appellant=s plea of guilty
was an open plea and not based on an agreement with the State, the court was
free to impose any punishment accorded by statute.Â  Jackson v. State,
680 S.W.2d 809, 814 (Tex.Crim.App. 1984).Â  The trial court assessed punishment for
appellant at fifteen years of confinement, a sentence at the lower end of the
statutory range.Â  See Tex. Penal
Code Ann. Â§ 12.32 (Vernon 2003).Â  It is
the general rule that as long as a sentence is within the proper range of
punishment, it will not be disturbed on appeal.Â 
Jackson, 680 S.W.2d at 814; Rodriguez v. State, 917 S.W.2d 90, 92
(Tex.App.BAmarillo 1996,
pet. ref=d) (Texas courts have traditionally
held that as long as the sentence is within the range of punishment established
by the Legislature in a valid statute, it does not violate state or federal
prohibitions).Â  

Â Â Â Â Â Â Â Â Â Â Â  Our review convinces us that
appellate counsel conducted a complete review of the record.Â  We have also made an independent examination
of the entire record to determine whether there are any arguable grounds which
might support the appeal.Â  We agree it presents no arguably
meritorious grounds for review.Â 
Accordingly, we grant counsel's motion to withdraw[2] and
affirm the judgment of the trial court.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  James T. CampbellÂ Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â  Justice

Do not
publish. 











[1]Â  See Tex. Penal Code Ann. Â§ 30.02(d) (Vernon
2003).Â  This is a first degree felony
punishable by imprisonment for life or any term of not more than 99 years or
less than 5 years and a fine not to exceed $10,000.Â  Tex. Penal Code Ann. Â§
12.32 (Vernon 2003). 





[2]Â  Counsel shall, within five days after the
opinion is handed down, send his client a copy of the opinion and judgment,
along with notification of the defendant=s right to file a pro
se petition for discretionary review.Â 
See Tex. R. App. P. 48.4.